## HENDRICKS VS. GOODRICH.

A, knowing that the balance due him from B, on a contract, was only $53, and that B supposed the balance due was about $150, received, in discharge of the debt, a horse which he knew that B valued at $150, and which was worth nearly that sum. On discovering the mistake, B demanded a return of the horse, after tendering to A the amount which would then be due on the contract; but A, who had not parted with the horse, refused to return it. *Held*, that B could not maintain an action to recover from A the difference between its value and the amount which was actually due to A at the time of the settlement.

A party who seeks to rescind a contract on account of fraud, must do so *in toto*, and he cannot affirm it in part and disaffirm it as to the residue; and the same rule applies where a party seeks to rescind a contract on the ground that it was entered into under a mistake of fact.

APPEAL from the Circuit Court for *Rock* County.

Action to recover $100 which the plaintiff claimed to have paid the defendant under a mistake of fact. The plaintiff had contracted with the defendant for a tract of land, and had, at different times during four years, made payments thereon. In October, 1859, it was agreed between the parties, that the defendant should take, in full payment of the balance then due, a horse, harness and some clevises, which the plaintiff accordingly delivered to him, and the contract was receipted in full as follows: "Received of *Jacob Hendricks* one bay four year old horse, in full of all demands on the within contract, be they more or less." The balance actually due at that time was $52.24; but the complaint alleges that the plaintiff supposed the amount to be about $150, and that *Goodrich*, "either by mistake or otherwise," left him so to suppose; and that "by mistake of fact he paid said *Goodrich* $150, by the delivery to him," of said horse &c., "instead of the amount actually due."

The evidence produced at the trial tended to show that the value of the property which the plaintiff let the defendant have, was from $100 to $135 ; that the defendant knew at the time of the settlement, that there was not more than $53.00 due on the contract; that the plaintiff, in consequence of having forgotten one payment, of $100, supposed there was due about $150 ; that the defendant knew, at the time, of the plaintiff's mistake, and also knew that he valued the horse at $150.   The defendant, on discovering his mistake, tendered the amount due on the contract in money, and demanded a return of the horse, which the defendant, who had not parted with the horse, refused.

The instructions given to the jury by the circuit court, and those asked for and refused, not being specifically passed upon by this court, are omitted.   Verdict and judgment for the plaintiff, for $79.00.

*Bennett, Cassoday & Gibbs,* for the appellant :

1. The evidence does not show that the defendant was mistaken or made any different contract from what he intended ; and there being no *mutual* mistake, the plaintiff cannot recover. *Mowatt vs. Wright,* 1 Wend., 355 ; *Burr vs. Veeder,* 3 id., 415; *Wheadon vs. Olds,* 20 id., 174 ; 1 Hill, 287 ; 2 Denio, 107 ; 3 Comst., 230 ; 3 Denio, 406.   2. The action is in substance for money had and received, and it cannot be sustained by proof that the defendant agreed to take property instead of money in satisfaction of the amount due on the land contract.   *Beardsley vs. Root,* 11 Johns., 464 ; *Tuttle vs. Mayo,* 7 id., 132 ; *Leery vs. Goodson,* 4 Term, 687 ; *Gilchrist vs Cunningham,* 8 Wend., 641; *Whitwell vs. Bennett,* 3 Bos. & Pul., 559 ; 1 Young & Jer., 380 ; 1 Doug., 117; 2 Greenl. Ev., § 118.   3. The plaintiff cannot have the privilege of affirming the contract, so far as to make the defendant keep the horse in satisfaction of the amount due on the contract, and of disaffirming it so as to recover the difference between it and the value he put upon the horse. Even where a party is permitted to rescind a contract for fraud, he must return, or offer to return, the property or money he has received, so as to place the other party *in statu quo. Raymond vs. Bearnard,* 12 Johns., 274; *Boughton*

*vs. Bruce,* 20 Wend., 234; *Bradley vs. Bosley,* 1 Barb. Ch., 125; *Masson vs. Bovet,* 1 Denio, 69; *Colville vs. Besly,* 2 Denio, 139; *Hawkins vs. Appleby,* 2 Sandf., 421; *Simmons vs. Putnam,* 11 Wis., 193; *Weed & Morris vs. Page,* 7 Wis., 503.

*Chas. G. Williams,* for the respondent:

1. A party paying money under a mistake of fact may recover it back; and it is not essential to a recovery that the mistake should have been mutual. *Hurd vs Hall,* 12 Wis., 112; *Miles vs. Duncan,* 12 Eng. C. L., 293; *Champlin vs. Laytin,* 6 Paige, 189; *Franklin Bank vs. Raymond,* 3 Wend., 69; *Buller vs. Harrison,* 2 Cowp., 565; Comyn on Con., 35–41. 2. The property in this case was sold and delivered in payment of a debt due in *money;* certainly it must have been received by the defendant as the equivalent of money. Property paid or received as money, will support the action for money had and received, the same as if money itself had been paid or received. *Ainslie vs. Wilson,* 7 Cow., 662; *Bonney vs. Seely,* 2 Wend., 481; *Randall vs. Rich,* 11 Mass., 494; *Willie vs. Green,* 2 N. H., 333; *Barber vs. Parker,* 1 Hen. Bl., 288.

*By the Court,* COLE, J. It would involve a lengthy and unprofitable discussion to notice in the most cursory manner all the propositions of law embraced in the instructions which were refused, as well as those which were given, in the trial of this cause. The appellant asked the court to give some thirteen specific instructions, which were mostly refused. The court likewise gave quite a lengthy charge to the jury, which was generally excepted to. For these reasons, we shall not attempt to notice many of the questions embraced in the instructions, and which were discussed on the argument. There is, however, one proposition of law underlying the case, and which is substantially raised by several of the instructions which were refused, that disposes of this appeal. It is this—to state it in the language of the counsel for the appellant, as used in his brief:—the respondent cannot have the privilege of affirming the contract so far as to make the appellant keep the horse in satisfaction of the

*October 25.*

amount due on the contract, and of disaffirming so as to recover the difference between the value put upon the horse, and the amount due. A glance at the facts shows very clearly that this is what the respondent is seeking to do.

The action was brought to recover part of the value of a horse which the respondent had sold the appellant, in full payment of the amount unpaid on a land contract held by the former against the latter. The respondent bases his right to recover on the ground that there was a hundred dollars less due on the contract than he supposed when he sold the horse in satisfaction of it. He insists that the appellant was either under the same mistake as to the amount due, or that knowing the amount he fraudulently concealed or suppressed the real truth, and received property far in excess in value of the sum justly due him. In either case, it seems to us quite obvious that the respondent cannot treat the transaction as binding so far as the discharge of the land contract was concerned, and recover, in an action as for money had and received, the difference between the value put upon the horse and the amount due upon the contract. In other words, he is not at liberty to rescind the contract of exchange and sale in part, and affirm it as far as it may be advantageous or beneficial to him. If he wishes to repudiate the contract, he must do so as to the entire transaction. The rule is perfectly well settled, that when a party seeks to rescind a contract on the ground of fraud, he must do so *in toto*, for the purpose of restoring the party as far as possible to the condition in which he stood when the contract was made. This is a very familiar principle, and is perfectly controlling in our view of the case. On the other hand, does not the same rule apply, if the respondent seeks to avoid the transaction on the ground that it was entered into under a mistake of the amount due on the contract? Can he be in any better condition to affirm the contract in part, and disaffirm in part, than he would be were he proceeding to avoid it on the ground of fraud? We cannot see that he is. And still the rule would not be controverted, that where the right to rescind springs from fraud, the defrauded party must rescind the entire contract. He is not permitted to enforce it so far as it

is advantageous to him, and repudiate it as to the residue. For the same if not stronger reasons, the respondent, seeking to set aside the transaction because it was entered into under a mistake as to the amount due on the land contract, must disaffirm it entire. We assume that the mistake was such as would enable him to avoid the entire transaction if he should seek to do so.

It is contended that in any event he would not have this right, unless the mistake as to the amount due was mutual. But upon this point we express no opinion. For, assuming that the law is otherwise, and that the transaction could be avoided on the ground that the respondent was mistaken as to the amount due upon the land contract, we still cannot see upon what principle he can insist that the appellant shall retain the property and pay him the excess in money. We certainly have no right to say that the appellant would not be injured by keeping the horse and paying the excess. He might not have wanted the horse nor have been willing to take it except under the circumstances he did. We therefore cannot assume that he would have purchased the property and paid in money the excess over and above the sum due him on the contract. It is very manifest that it cannot be either safely asserted or fairly assumed that the appellant would have done any thing of the kind. His inducement for taking the horse at all might have been the precise reason that he had no money to pay, but was to receive it in satisfaction of the contract. The horse is claimed to be worth about one hundred and fifty dollars, while it is said the real amount due on the land contract was only about fifty dollars. Under such circumstances, can it be fairly assumed that the appellant would have given an hundred dollars for the horse and discharged the contract? If so, upon what ground can such an assumption be founded? It is readily seen that it might be a great hardship to compel the appellant to retain the horse and pay the excess. It is claimed that this cannot be so, because, it is said, the property was sold and delivered in payment of a debt due in money, and though the appellant may still have the horse, yet in contemplation of law the case is the same as if

June Term,
1862.

the respondent had actually paid one hundred and fifty dollars under a mistake that this sum was due. We are referred to some authorities in support of this position, but an examination of them will show that they are inapplicable, for this reason: we are unable to say that the parties treated the horse as money, or that the appellant would have purchased it and paid one hundred and fifty dollars. He took the horse in satisfaction of the contract. This is all that can be inferred from the transaction. It is impossible to say whether he would have paid one hundred and fifty or even one hundred dollars for the horse. For this reason the authorities do not apply. Now while the respondent is compelled to admit. that the horse was taken in satisfaction of the amount due on the contract, he is still endeavoring to avoid the contract by saying that he was mistaken as to the amount which was due. In other words, he is attempting to avoid the contract in part and affirm it in part. This he clearly cannot do.

For these reasons the judgment of the circuit court must be reversed, and a new trial ordered.