Hyslip vs. French.

## HYSLIP vs. FRENCH.

*May 16 — June 4, 1881.*

VENDOR AND PURCHASER of Land. *Recovery of moneys paid for lands, without mistake or fraud, but without acquiring title.*

H., knowing that certain lands were part of the estate of one T., deceased, and did not belong to F., who was the administrator of such estate, gave his note to F. for $500, and took from F., as such administrator, a receipt for the note, which further stated that such note, if paid, was to be in full payment of the purchase money of said lands, and that a deed of them was to be made to H. or his assigns as soon as leave could be obtained from the probate court; and afterwards he paid the note and cut from the lands the timber thereon, constituting a large part of their value. Some of T.'s heirs refused to join in a conveyance of the lands to H.; and the estate of T. was not settled when this action was brought. Without offering to rescind the contract, or surrender possession of the land, or pay the value of the timber taken therefrom, and without any demand and refusal of a conveyance, H. sues to recover the moneys so paid as for a failure of the consideration. *Held*, that the action will not lie.

APPEAL from the Circuit Court for *Clark* County.

Turner died intestate, leaving, among other property, certain lands. In November, 1872, the defendant, *French*, was appointed administrator of the estate. In pursuance of a parol agreement to purchase between the plaintiff and *French*, as such administrator, plaintiff entered into possession of the

lands in the winter of 1872–3, and took therefrom 100,000 feet of pine lumber. April 21, 1873, *French* executed and delivered to plaintiff a receipt (with the amount of the note left blank) in the words and figures following:

"Received April 21, 1873, from *C. W. Hyslip*, his note, indorsed by A. & D. D. McMillan, for $500; if paid, to be in full payment of the purchase money of the N. E. ¼ of the S. W. ¼ and the N. W. ¼ of the S. E. ¼ of section 33, and S. W. ¼ of the N. E. ¼ of section 26, all in township 25 north, of range 2 west, a deed of which is to be made to said *Hyslip*, or his assigns, as soon as leave therefor can be obtained from probate court of Clark county.

"B. F. FRENCH,

"Administrator of the estate of L. M. Turner, deceased.

"In presence of E. G. ROBBINS."

The note had previously been executed and indorsed by the McMillans, and was by the plaintiff, with full knowledge of the condition of the title, delivered to the defendant. In June, 1873, the McMillans, who had the lumber taken from the lands, paid the note. Subsequently, the plaintiff took from the land 50,000 feet more of lumber, and settled with the McMillans for the amount paid by them on the note. The plaintiff informed the defendant that he desired a deed of the lands, but the same was delayed because some of the heirs hesitated about executing the conveyance, and the defendant, at plaintiff's request, put the amount of the note in the receipt. Turner's estate had not been settled when this action was brought. Without rescinding or offering to rescind the contract, or surrendering or offering to surrender the possession of the land, or paying or offering to. pay the value of the timber taken therefrom, or any demand for a conveyance or refusal to convey, the plaintiff brought this action to recover back the money so paid on the note. Upon the case as above stated in effect, the plaintiff was nonsuited; and from the judgment entered upon the order of nonsuit, this appeal was taken.

The cause was submitted on the brief of *Morrow & Masters*, as attorneys, and *James O'Neill*, of counsel, for the appellant, and that of *R. J. MacBride* for the respondent.

CASSODAY, J.   The contract, which rested in parol when the first lot of lumber was taken from the lands, must be regarded as having been reduced to writing when the note and receipt were delivered.   By the note the plaintiff agreed absolutely to pay the amount named; and by the receipt the defendant, as administrator, promised that such payment should be in full of the purchase money of the lands, and that a deed of the same would be made to the plaintiff or his assigns as soon as leave therefor could be obtained from the probate court.   It is apparent from the writing, as well as the evidence, that the plaintiff, as well as the defendant, understood the title to be in the heirs of the intestate, and not in the defendant.   The note was given and the money paid, therefore, with the full understanding that the plaintiff would get title, not from the defendant, but from the heirs through the probate court.   Clearly there was no mistake of fact, nor any fraud or false pretense on the part of the defendant.   It is equally clear that the note was not without consideration.   The plaintiff, knowing all the facts, took the lumber from the lands, gave the note and caused it to be paid, and now seeks to recover back the money so paid, not on the ground of deception, fraud or mistake, but because he did not get all he bargained for, notwithstanding he has obtained, and proposes to retain, the most valuable part of it.

The cases cited by counsel do not seem to be applicable to the undisputed facts of this case as above stated.   The most that can be here claimed by the appellant is a partial failure of consideration.

In *Bumpus v. Platner*, 1 Johns. Ch., 213, Chancellor KENT uses this language: "It is said to be very difficult to extract from the books what the rule of equity is upon this point of

failure of consideration after the agreement is executed; but, I apprehend, it may be safely said that there is no case of relief on this ground when possession has passed and continued without any eviction at law under a paramount title." Page 218. This case is in harmony with the late case of *Parkinson v. Sherman*, 74 N. Y., 92.

In *Joyce v. Ryan*, 4 Greenl., 101, it was held that, "if the lands of a deceased person, which have been sold under license for the payment of his debts, are taken from the purchaser by an elder and better title, he cannot maintain an action of *assumpsit* for the consideration money, but must resort only to such covenants as are contained in his deed." To the same effect is *Emerson v. Washington*, 9 Greenl., 88.

In *Soper v. Stevens*, 14 Me., 133, it was held that, " where a note, given as the consideration of a quitclaim deed of land, and where there was no fraud, has been paid by the grantee, the money cannot be recovered back, although such grantee has been evicted by an older and better title."

In *Gates v. Winslow*, 1 Mass., 66, the court used this language: "Where money has been voluntarily and understandingly paid, upon a contract made *bona fide*, without fraud, imposition or deceit, although it was paid without consideration, the law will not compel a repayment, but leaves the parties as it finds them."

In *Earle v. DeWitt*, 6 Allen, 520, the defendant purchased the land from the assignee of an insolvent debtor, and conveyed to the plaintiff by quitclaim deed, with covenants against his own acts, when the plaintiff in fact had no title by reason of a want of jurisdiction in the judge of insolvency; and it was held that the plaintiff could not maintain an action to recover back the money paid by him as the consideration of the deed, as both parties had acted under the belief that the deed conveyed a good title.

In the case here presented, the plaintiff seeks to affirm the contract so far as to retain possession of the lands and the

avails of the lumber he has taken from the land, and disaffirm it so far as to get back all the purchase money he has paid. But this court has frequently held the contrary doctrine, even in cases where there was mistake of fact or fraud. *Hendricks v. Goodrich,* 15 Wis., 679; *Grant v. Law,* 29 Wis., 99. We are clearly of the opinion that the plaintiff has mistaken his remedy. If the defendant was authorized to act as agent of the Turner heirs, or if they, having power to bind themselves, had the benefit of the contract, it may be that a bill for specific performance is the proper remedy; or it may be that, in case of a proper demand and refusal to convey, an action for damages can be maintained. But we express no opinion on either of these questions, as the case may come before us in some other form.

*By the Court.*— The judgment of the circuit court· is affirmed.