HALL, Respondent, vs. HALL and wife, imp., Appellants.

*December 10, 1897 — January 11, 1898.*

*Estates of decedents: Judgment: Mistake: Correction of record.*

| | |
|---|---|
| 98 | 193 |
| 102 | 362 |
| 104 | 300 |
| 98 | 193 |
| 107 | 72 |
| 98 | 193 |
| 111 | 493 |
| 98 | 193 |
| 113 | 680 |

Upon final settlement of the estate of a testator there was no contest or dispute concerning the construction of the will, but it was understood and agreed by counsel for the executors, the guardian *ad litem* for the remainderman, and the county judge that the order assigning the residue should be substantially in the language of the will, and a judgment to that effect was orally announced and rendered; but by inadvertence or mistake the judgment as drawn by the attorneys for the executors and actually signed and entered was substantially different, the life tenant being given more apparent authority with reference to the disposal of the corpus of the estate. *Held*, that the record could be corrected, upon application of the remainderman after the death of the life tenant, so as to conform to the judgment actually pronounced and rendered.

APPEAL from an order of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

In 1896 the plaintiff presented to the county court a petition, setting up in effect the following facts:

One George Hall died in Dane county, January 13, 1883, testate. Such proceedings were had that March 16, 1883, the will of the deceased was duly approved and admitted to probate in and by the county court, and *Samuel Hall* and Henry Marsden, of Albion, were duly appointed executors thereof. By the will he gave, devised, and bequeathed to his wife, Sarah Hall, all his personal property for life, with the remainder to his nephew, the plaintiff, son of his brother, *Samuel Hall*, subject to the bequest to his wife's niece, Eunice Noble, of $500, to be paid to her in case she survived his wife. Subject to such bequest, he thereby gave, devised, and bequeathed the use, rent, and profits of all his real estate to his wife, Sarah, to have, hold, and dispose of during

her life in such manner as she should deem proper, and thereby authorized and empowered her to mortgage, grant, bargain, sell, and convey any and all of said real estate at any time during her life when she deemed it necessary and proper for her to do so, and provided that all mortgages and conveyances by her, executed in due form of law, should have all the force and effect that they would if made by himself. Subject to such provision, he thereby gave, devised, and bequeathed all his real estate which he then had or might thereafter acquire, not disposed of by his wife, to the plaintiff, who was to take the same subject to all liens, mortgages, and incumbrances his wife might impose thereon in her lifetime; and he also gave and bequeathed all other estate that his wife might leave at her decease to the plaintiff, subject to the foregoing provisions.

The executors duly qualified as such. On November 13, 1883, they filed their final account as executors, together with their petition, setting forth that the estate was settled, and praying for judgment adjusting and allowing the accounts and assigning the residue of the estate to the persons entitled thereto. Thereupon an order was made by the court, dated on that day, directing that the accounts be examined and adjusted, and the matters of the petition be decided, at the January term of the county court for 1884, and that notice thereof be given. Such petition for the settlement of the accounts and the assignment of the estate contained no reference to any uncertainty in the meaning of the will, or to a construction thereof, and no prayer for the construction thereof; and the order for the hearing thereof contained no reference to the construction of the will. On January 4, 1884, an order was made by the county court appointing John M. Olin guardian *ad litem* of the plaintiff, who was then a minor, aged about fourteen years, to appear for him and protect his rights and interests in relation to the settlement of and assignment of the residue of the estate. Olin

on that day filed his consent, in writing, to act as such. On January 4, 1884, a judgment was entered therein to the effect that after paying all expenses, and deducting hay and grain consumed by the widow on the farm, and the furniture, wearing apparel, live stock, and farming implements held by her, they had on hand, in notes and mortgages, $2,175, and cash, $578.34; making in all, $2,753.34. Thereupon it was considered and adjudged that the account of the executors be, and the same was thereby, allowed, as stated, and that all the residue of the personal estate be, and the same was thereby, assigned to said Sarah, pursuant to the provisions of the will, to have, hold, and dispose of, in her lifetime, in such manner as she should see fit; and the remainder was thereby assigned to the plaintiff, subject to the payment to Eunice Noble, in case she survived the widow, of $500; and it was further adjudged that all the use, rents, and profits of the real estate belonging to the estate be, and the same were thereby, assigned to the said Sarah, to have, hold, and dispose of, in her lifetime, in such manner as she should deem proper; and it was further ordered and adjudged that, in case Eunice Noble should survive Sarah, then in that case there should be paid to her, upon the decease of Sarah, $500 out of the estate, and the same was thereby made a lien on the real estate, but to cease and be divested in case she should not so survive; and it was further ordered and adjudged that, subject to the contingent payment of $500 as aforesaid, and subject to the rights of Sarah, mentioned, and subject also to all mortgages, liens, and incumbrances, and to all grants and conveyances the said Sarah might make of, or impose upon, said real estate during her lifetime, the said real estate was thereby assigned to the plaintiff, but he was to take the same subject to all liens, mortgages, and incumbrances which the said Sarah might impose thereon in her lifetime.

At the time of the hearing of the accounts and the peti-

tion for the settlement thereof, and before the entry of said judgment, the question as to what was the true intent and meaning of the will was brought up between the court, counsel, and guardian *ad litem*, and, without arriving at any conclusion on that subject, it was decided that such judgment should be so framed as to express the language of the will; and the court thereupon rendered and orally pronounced judgment settling the accounts of the executors in the manner stated, and assigned the residue of the estate in the language of the will, substantially; and it was alleged that it was not the intention of the county court, in the rendition of such judgment, nor of the executors, nor of their counsel, nor of the guardian *ad litem*, that such judgment should in any manner define the meaning of the provisions of the will, but that such judgment should state the language of the last will and testament, leaving the construction thereof open for further adjudication in case any question should ever arise with respect to the true intent and meaning thereof, and that the entry of judgment in language different from the judgment actually pronounced and rendered orally by the court was a. mistake upon the part of the attorney for the executors, who drafted the judgment; and that, at the time of signing and entry of judgment, it was understood by the court, the guardian *ad litem*, the executors, and their attorney, that such judgment, as drawn and entered, in all respects conformed to the judgment as actually pronounced, and fully expressed all of the material language of such last will and testament.

Said Sarah Hall afterwards became Sarah Gillett, and died September 4, 1895. Up to the time of her death she used and enjoyed all the residue of the personal estate, and all of the real estate, except as hereinafter stated. On July 30, 1889, the said Sarah, without any consideration therefor, and by undue influence, and when she was mentally incompetent to do business, conveyed by warranty deed a large

portion of the real estate in question, of the value of several thousand dollars, to *Samuel Hall*, who took and recorded the same with full knowledge of the rights of the widow under the will.   On September 12, 1890, the said Sarah, without any consideration therefor, conveyed by warranty deed, reciting a consideration of $4,000, a large portion of the other real estate in question to one Thomas North, who received and recorded the same with full knowledge of her rights under the will.   North gave back an instrument in writing in respect to the disposition and proceeds of the land.   On April 25, 1885, the said Sarah, without any consideration, conveyed to the Methodist Episcopal Church four acres of the other lands in question, and the church took and recorded the conveyance with full knowledge of the rights of said Sarah under the will.   Sarah died testate, and her last will and testament was, November 6, 1895, admitted to probate, and Thomas North was appointed sole executor thereof, and duly qualified as such.   Several of the legatees named in her will were represented by an attorney residing in Madison; others were residents of Dane and Jefferson counties.   Such executor, North, had imposed no liens upon, and made no conveyance of, any of the real estate derived from George Hall, deceased.

On October 12, 1895, an action of ejectment was commenced by the plaintiff in the circuit court against *Samuel Hall* and wife for the recovery of the land so conveyed to him; and October 25, 1895, the plaintiff commenced an action against Thomas North and *Samuel Hall* for the recovery of the land so conveyed to North; both actions being then pending.   It was further alleged that it did not come to the attention of the plaintiff's attorneys until March 1, 1896, that there was a discrepancy between the provisions of the will of George Hall and the provisions of such judgment so entered, assigning and distributing the estate of George Hall; that the plaintiff had no knowledge of such discrepancy until March 6, 1896, when his attention was

called to the same by his attorneys; that he had long been familiar with the terms of the will of George Hall, deceased, and had always understood that the judgment entered in the settlement of his estate followed the terms of the will, and that his rights in and to the estate of George Hall were fully protected by the judgment; that, as Sarah had an estate for life, there was no occasion for him to investigate the matter until her death; and that no rights had become vested to the prejudice of the granting of the prayer of the petition.

Wherefore the plaintiff prayed that such mistake in the entry of the judgment of January 4, 1884, be corrected so that the judgment should conform to the judgment actually rendered and pronounced by the court as stated, etc.

Thereupon, *Samuel Hall* and wife moved the court to dismiss the petition for the reason that it did not state facts sufficient to constitute a cause of action, or to entitle the petitioner to the remedy demanded, or to any remedy whatsoever, and for other reasons. An order was made by the county court, overruling such motion of *Samuel Hall* and wife, and deciding the issues raised by the answer of other parties in favor of the plaintiff, and an appeal was taken to the circuit court from such order; and, upon hearing such appeal, it was ordered that the motion of *Samuel Hall* and wife to dismiss the petition be, and the same was thereby, overruled and denied, and that the general demurrer so contained in the answer of the other parties to the petition be, and the same was thereby, overruled. From such part of that order as denies and overrules the motion of *Samuel Hall* and wife to dismiss the petition for the correction of the final judgment entered in the matter of the estate of George Hall, deceased, *Samuel Hall* and wife bring this appeal.

For the appellants there was a brief by *R. M. La Follette* and *G. E. Roe*, and oral argument by *Mr. Roe.*

For the respondent there was a brief by *Olin & Butler*, and oral argument by *H. L. Butler.*

Hall vs. Hall and wife.

CASSODAY, C. J. For the purposes of this appeal we shall assume that the will of George Hall, deceased, only gave to his widow, Sarah, a life estate in his property, whether real or personal, and that, subject to such life estate and a bequest mentioned, he thereby gave the remainder of his estate, both real and personal, to his nephew, the petitioner and plaintiff herein. That will was admitted to probate March 6, 1883. Such probate of the will was "conclusive as to its due execution." R. S. sec. 2294. The statute provides that after the payment of the debts, funeral charges, and all expenses, and certain allowances, "the county court shall, by an order or judgment, assign the residue of the estate, if any, to such other persons *as are by law* entitled to the same. In such order or judgment, the court shall name the persons and the part to which each shall be entitled. Such persons shall have the right to recover their respective shares from the executor or administrator, or from any person having the same." R. S. sec. 3940. "The statute gives the county court, on final settlement of the estate, ample authority to assign the residue to such persons as are by law entitled to the same. . . . The statute manifestly intends that the order of assignment shall operate to transfer the legal title of the personal property to the persons therein named. It has in law really the same effect as an order of distribution." *Ford v. Smith*, 60 Wis. 225. In fact, it seems to be the way especially provided by statute for a legatee or heir at law to acquire title to personal property. The legal title to such property, upon the death of the owner, goes to the executor or administrator. "In any case," said RYAN, C. J., "when title to personalty comes to legatee or distributee, it comes from the executor or administrator, not from the testator or ancestor." *Estate of Kirkendall*, 43 Wis. 179; *Murphy v. Hanrahan*, 50 Wis. 490; *Marshall v. Pinkham*, 52 Wis. 573; *Melms v. Pfister*, 59 Wis. 192; *Miller v. Tracy*, 86 Wis. 333.

Hall vs. Hall and wife.

Upon the record presented, we must assume that the facts stated in the petition are all true and can be established by competent evidence. This being so, it is manifest that at the time of settling the estate there was no contest nor dispute about the true construction of the will; that it was agreed and understood by counsel for the executors, the guardian *ad litem* for the plaintiff, and the judge of the county court, that the order or judgment assigning the property as provided by the statute cited should be substantially in the language of the will; and that the same was so orally announced and rendered, but that by some inadvertence, misconception, or mistake, the order and judgment, as drawn by the attorney for the executors and actually signed and entered, were substantially different, and gave the widow at least apparent authority to dispose of the whole estate, regardless of her necessities or comfort. The plaintiff at that time was only fourteen years of age. He learned that he was, under the will, only entitled to what remained after the death of the widow. She did not die until September 4, 1895. Assuming the facts to be as alleged, we are constrained to hold that they authorize the correction of the order and judgment so that the same will conform to the one actually pronounced and rendered. This ruling is supported by numerous adjudications of this court. *Estate of Leavens*, 65 Wis. 440; *Beem v. Kimberly*, 72 Wis. 344; *Estate of O'Neill*, 90 Wis. 480. Especially should this be so as to the real estate. The statute provides that, upon a will being admitted to probate, a duly attested copy thereof, and of the probate thereof, may be recorded in the register's office, as a muniment of title of the lands, or any interest therein, thereby devised. R. S. sec. 2296. The statute also provides that "every devise of land in any will shall be construed to convey all the estate of the devisor therein, which he could lawfully devise, unless it shall clearly appear by the will that the devisor intended to convey a less estate." R. S. sec. 2278.

Under this statute this court has repeatedly held that a residuary devisee takes at once, on the death of the testator, all real estate devised to him, subject only to the intervening life estate. *In re Estate of Pierce*, 56 Wis. 560; *Scott v. West*, 63 Wis. 570; *Prickett v. Muck*, 74 Wis. 205; *Hiles v. Atlee*, 90 Wis. 72. Whether title to land so vested in a devisee by the plain and unambiguous language of a will can be subsequently divested by an order of the county court, under sec. 3940, R. S., is a question not necessarily involved, and upon which we express no opinion. See *Ruth v. Oberbrunner*, 40 Wis. 238; *Appeal of Schœffner*, 41 Wis. 260; *Jones v. Roberts*, 84 Wis. 471; *Will of Hess*, 97 Wis. 244.

*By the Court.*— The order of the circuit court is affirmed.