PHELPS, Appellant, vs. MINERAL SPRINGS HEIGHTS COM-
PANY, Respondent.

*October 21—November 15, 1904.*

*Contracts: Rescission: Action at law for return of consideration.*

1. In order to maintain an action at law to recover back the con-
   sideration of a contract, it is essential that before it be com-
   menced the rescission shall have been complete as to both
   parties.
2. One who had contracted for lands, but after full payment and
   demand had failed to receive a conveyance, cannot maintain
   an action at law for the purchase price, where it appears that
   a subsequent tender of a deed had been refused merely be-
   cause it was too late, and that, prior to the commencement of
   the action, he had made no offer to surrender the equitable
   rights which he had received by force of the land contract and
   payment of the purchase price.
3. In such case, the evidence examined, and *held* not to disclose
   any declaration or conduct of the defendant constituting a
   notification that it would not accept a surrender of the land
   contract if tendered.

APPEAL from a judgment of the circuit court for Milwau-
kee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

Plaintiff on November 5, 1892, entered into a land con-
tract to purchase certain vacant lots from the defendant for
$1,200, payable in installments, with six per cent. interest.
Within the term of said contract, as extended by mutual
agreement, and about September 9, 1899, the plaintiff com-
pleted said payments, at the same time requested his deed,
and was told by the defendant's clerk receiving the money
that he could have it on that day or the following one, when
it could be executed by the officers. Again, on September 15,
1899, one of the officers of that defendant explained that it
could not be given at once, because of some dispute between
the officers about executing papers. Thereupon, on Septem-
ber 15, 1899, a written demand for the deed was made; and
again on October 6, 1899, through his attorneys, he made a

further demand, with a notification that otherwise he should ask a court to compel delivery. Thus the matter ran along, with an explanation at one time from plaintiff that he needed the deed in order to borrow money on the land. About December 27, 1900, Mr. Kaufer, an officer of the defendant company, asked plaintiff why he did not call for a deed, whereupon he said to him that it was too late to accept the deed, and he wanted his money back. No tender of deed by the defendant, or return of the land contract or any reconveyance by plaintiff, was made at this time. About December 31, 1900, Mr. Kaufer, on behalf of the defendant, tendered to plaintiff a warranty deed of the premises described, which plaintiff refused. Again, on January 14, 1901, this deed was mailed by the attorneys for the defendant to the plaintiff, and returned by the latter, through his attorneys, accompanied by a letter declaring that *Mr. Phelps* had notified the company of his rescission of the purchase, and that he considered his money should be returned to him. To this the defendant's attorneys replied that the deed was at their office, where *Mr. Phelps* might obtain it at any time. In August, 1901, the plaintiff commenced this action, alleging breach of the contract by the defendant and his rescission of the contract, and praying judgment for the amount of moneys paid by him thereon. Upon the trial, plaintiff tendered deposit and surrender of the land contract, and defendant tendered the warranty deed. The trial court, upon substantially the foregoing facts, directed a verdict for the defendant, from judgment on which the plaintiff brings this appeal.

For the appellant there was a brief by *Wheeler & Perry,* and oral argument by *L. G. Wheeler.*

For the respondent there was a brief by *Timlin & Glicksman,* and oral argument by *Nathan Glicksman.*

DODGE, J. This action is for the recovery of that with which plaintiff had parted upon the faith of a contract which,

Phelps v. Mineral Springs Heights Co. 123 Wis. 253.

by reason of its breach by the defendant, he claims that he had a right to rescind, *in toto,* and had done so. It is not a suit in equity to obtain a rescission, but a plain action at law to recover back the consideration paid. To maintain such action, it is essential that before it is commenced the rescission shall have been complete as to both parties. It is not enough that the plaintiff may have, by some decisive act, so declared his own election as to whether the contract shall stand or be rescinded that he cannot recede therefrom, which was the situation presented in *Smeesters v. Schroeder, ante,* p. 116, 101 N. W. 363. He must not only have exercised and declared that election, but must have returned or offered to return to the other party that which he had received. *Weed v. Page,* 7 Wis. 503, 513; *Hyslip v. French,* 52 Wis. 513, 9 N. W. 605; *Hoffman v. King,* 70 Wis. 372, 381, 36 N. W. 25; *Ludington v. Patton,* 111 Wis. 208, 245, 86 N. W. 571; *Bostwick v. Mut. L. Ins. Co.* 116 Wis. 392, 439, 89 N. W. 538, 92 N. W. 246. To that rule there are certain exceptions under peculiar circumstances, which are illustrated in *Gay v. D. M. Osborne & Co.* 102 Wis. 641, 78 N. W. 1079; *Gates v. Raymond,* 106 Wis. 657, 82 N. W. 530; *Roberts v. Francis, ante,* p. 78, 100 N. W. 1076; *Bostwick v. Mut. L. Ins. Co. supra*—which are not rendered applicable by any of the facts in the present case.

The evidence most favorable to plaintiff—his own testimony—discloses nothing whatever of any offer in any way to return or surrender to defendant the equitable rights which he had received from the latter by force of the land contract and his payment of the purchase price. He testifies merely that, when asked why he did not call for his deed, he replied, "It was too late to accept a deed, and that I wanted my money back;" nor, when deed was actually tendered him, did he offer any completed rescission, even when acting through and under advice of counsel. The response covering the rejection of the deed was merely that his condition had been changed

by the ·delay, and "he thinks that the proper thing would be· to return his money." Neither does the evidence disclose any declaration or conduct on the part of the defendant constituting a notification that it would not accept a surrender of the· land contract if tendered, such as might have brought plaintiff within the exception applied in *Roberts v. Francis, supra.* We must therefore come to the conclusion reached by the· trial court, that up to the time of commencing suit—indeed,. to the time of trial—there had not been accomplished any complete rescission of the land contract; hence, that no implied contract to return the consideration had arisen to support an action at law for that money.

*By the Court.*—Judgment affirmed.