BRITTLE and another, Plaintiffs, vs. MAPLECREST COUNTRY CLUB and others, Defendants: FIRST WISCONSIN NATIONAL BANK, Defendant and Respondent, vs. PEDLEY and others, Defendants and Appellants.

*April 6—October 11, 1932.*

630

632

.For the appellants there were briefs by *Hammond & Jones* of Kenosha, and oral argument by *Walter H. Hammond*.

For the respondent there were briefs by *Wood, Warner & Tyrrell* of Milwaukee, and oral argument by *John C. Warner*.

The following opinion was filed May 10, 1932:

NELSON, J. The controversy on this appeal is between the bank and the three appellants who, together with the six indorsers of the note of June 2d and two others, guaranteed the note of December 12, 1927. In the view we take of this controversy a comparatively narrow question is here for determination: Did the trial court err in failing to dismiss, on the merits, the bank's cross-complaint as against the five guarantors who guaranteed only the payment of the note of December 12th?

Prior to December 12th the bank held a note for $20,000 made by the Country Club, which was indorsed by six individuals and secured by deed of all the lands belonging to

the club, which deed was given as and for a mortgage. On December 12th the bank surrendered its note of June 2d and conveyed back to the club the lands described in its deed theretofore given as and for a mortgage, all in consideration of the making and delivery to it of a new note for $20,000 dated December 12th and guaranteed by the six original indorsers on the June 2d note and five others, of whom the appellants are three. Upon the coming in of the referee's report the court modified it in some respects and thereupon rendered judgment which wholly canceled the subordination agreement signed by Mrs. Reidenbach, restored her mortgage to its place as a first mortgage lien against the lands described therein, and granted judgment of foreclosure. The deed of the bank to the club, whereby its second mortgage was satisfied, was fully canceled, and the status of the bank which existed prior to December 12th under its June 2d note secured by deed was fully restored.

While the bank did not, in its original answer and cross-complaint, specifically pray for rescission of the deal of December 12th wherein it surrendered its note of June 2d and satisfied its mortgage security by conveying the land covered thereby back to the Country Club in consideration of receiving a new note for $20,000 guaranteed by the eleven guarantors, three of whom are the appellants herein, it did allege all of the facts and circumstances surrounding its several transactions with the Country Club and others, and finally prayed, among other things, for such further and other judgment or relief as may be just and equitable in the premises. It is apparent that the bank in setting forth in its answer and cross-complaint all of the facts and circumstances and praying for such relief as may be just and equitable, thereby fully submitted its claims and rights to the jurisdiction of the court, sitting as a court of equity.

Had the bank specifically asked for rescission of the December 12th transaction, cancellation of its deed, and

restoration to its rights under the note of June 2d, there would be little question as to the impropriety of rescinding the December deal and restoring it to its status which existed under the June 2d note and deed, and permitting it to hold on to the December note and to claim benefits thereunder. The law is well established that a party seeking rescission must do so *in toto* and is not at liberty to rescind in part and to affirm in part so far as it may be beneficial to him. One may not affirm and disaffirm a contract at the same time. To rescind a contract is to annul the contract and restore the parties to their relative positions which they would have occupied if no such contract had ever been made. *Hendricks v. Goodrich,* 15 Wis. 679; *Grant v. Law,* 29 Wis. 99; *Hyslip v. French,* 52 Wis. 513, 9 N. W. 605; *Mueller v. Michels,* 184 Wis. 324, 197 N. W. 201, 199 N. W. 380; *Daly v. Brennan,* 87 Wis. 36, 57 N. W. 963; *Neblett v. McFarland,* 92 U. S. 101, 23 Lawy. Ed. 471; *Robert v. Finberg,* 85 Conn. 557, 84 Atl. 366.

We see little difference between a situation in which rescission or cancellation is specifically asked, and one in which all of the facts justifying rescission and cancellation are submitted to the court with the result that the court grants rescission, cancels instruments, and restores a party to a prior status as fully as the circumstances will possibly permit.

Under the June note and deed the bank had a certain status which continued to exist up until the time of the December transactions. Its status was then changed. It surrendered the June note and its deed security. Up until that time it had no claim against the appellants. They were not parties to any transaction prior to that time. The entry of the appellants into the December transaction was for the purpose of facilitating the proposed refinancing of the Country Club, and their guaranty of the December note was the consideration which led the bank to cancel its June

note and mortgage in order that the proposed refinancing might be carried out. The appellants had nothing to do with the bank's original note and mortgage. The judgment of the trial court fully canceled the bank's deed to the Country Club and restored it to its status which existed immediately prior to the giving of the December note. Under the principles of law which ruled the cases hereinbefore cited, we think it would be inequitable to restore the bank fully to its status under the June 2d note, indorsed by the six indorsers, secured by the deed to the one hundred sixty acres, and at the same time to permit it to hold on to the December note to the end that it might profit or benefit thereby.

The court having had jurisdiction of all of the parties it should have determined all of their rights, to the end that the whole controversy might be settled and determined. Since the judgment of the court fully restored the bank to its status under the June 2d note, the note of December 12th should, it seems to us, have been canceled and the five additional guarantors discharged. We think the judgment of the court should have provided for a dismissal of the bank's cross-complaint against the five additional guarantors on the merits.

*By the Court.*—Judgment reversed, with directions to modify the judgment in accordance with the opinion.

A motion for a rehearing was denied, with $25 costs, on October 11, 1932.