BISHOP *v.* HANNAN REAL ESTATE EXCHANGE.

LUDDEN *v.* SAME.

1. Corporations—Foreign—Contracts—Statutes—Void Construed as Voidable.

Term ''void'' is construed as ''voidable'' where used in Wisconsin statute withholding relief from but enforcing liability of foreign corporations on their contracts where they had failed to qualify to do business in Wisconsin (Wis. Stat. 1923, §§ 136.01, subds. 5, 25, 226.02, subds. 2, 10, 11).

2. Vendor and Purchaser—Rescission—Assumpsit.

Action of assumpsit for return of payments made under voidable land contracts may not be brought until a proper rescission has been effected by return or tender of conveyance of equitable interest in the land.

3. Same—Purchaser Receives Equitable Interest.

Purchaser under land contract receives an equitable title.

Appeal from Wayne; Boyne (John A.), J., presiding. Submitted April 17, 1934. (Docket No. 122, Calendar No. 37,763.) Decided June 4, 1934.

Separate actions of assumpsit by Alfred F. Bishop, Jr., and Homer D. Ludden against Hannan Real Estate Exchange, a Michigan corporation, for return of sums paid on land contracts. Cases consolidated for trial. Judgments for defendant. Plaintiffs appeal. Affirmed.

*Harold Goodman* (*Samuel C. Halpert,* of counsel), for plaintiffs.

*Wiley, Streeter, Smith & Ford,* for defendant.

Butzel, J. Plaintiffs are residents of Mineral Point, Wisconsin; the defendant is a Michigan corporation engaged in the real estate brokerage·business. At the time of the transactions in question,

the Wisconsin statutes provided that no person, firm or corporation:

"Shall engage in or follow the business or occupation of, or advertise or hold himself out as or shall act temporarily or otherwise as a real estate broker or real estate salesman in this State, without first procuring a license therefor as provided in this section." Wis. Stat. 1923, § 136.01, subd. 5.

Any violation of the above provision was made a misdemeanor punishable by fine or imprisonment. Section 136.01, subd. 25. Another section prohibited, under penalty, any foreign corporation from transacting business in that State without first qualifying as provided in the statute (section 226.02, subds. 2, 11), and it was further provided that in the event such corporations had not so qualified:

"Every contract made by or on behalf of any such foreign corporations, affecting the personal liability thereof or relating to property within this State, before it shall have complied with the provisions of this section, shall be wholly void on its behalf and on behalf of its assigns, but shall be enforceable against it or them." Wis. Stat. 1923, § 226.02, subd. 10.

On February 18, 1926, defendant, the Hannan Real Estate Exchange, without qualifying in Wisconsin, advertised the prospects of profitable investments in Detroit real estate and solicited inquiry of its Mineral Point representative. Acting as broker, through an agent at Mineral Point, defendant caused certain land contracts to be entered into by plaintiffs as vendees, in three of which the vendor was the Telegraph & Twelfth Street Land Company, while in the fourth the vendor was the Dearborn Holding Company. The two vendors were Michigan corporations, neither of which had qualified to do business or make contracts in Wisconsin.

The contracts were made in Wisconsin and were for the sale of property in the vicinity of Detroit, Michigan. Although executory, they provided for possession of the lands by the vendees while not in default. In 1930, after the real estate boom had subsided, plaintiffs, having discovered that the Hannan Real Estate Exchange was not authorized to do business in Wisconsin, refused to continue making payments, and demanded the return of all amounts paid. Upon defendant's refusal to comply with this request, plaintiffs brought the instant suits, claiming in each of them that the transactions were illegal and void under the Wisconsin statutes above quoted, and that, therefore, they were entitled to a return of all moneys paid to defendant, which had retained a substantial part as commission. Defendant raised several defenses, one being that plaintiffs' right to recovery was barred by their failure to tender any reconveyance of the interests acquired by them under the land contracts. The cases were heard together and decided without a jury after testimony of all parties had been introduced, and the court entered judgments of no cause of action.

Since we agree with defendant's contention that plaintiffs' right to recover was barred by their failure to make a proper tender before suit, we shall limit our discussion to that question. Plaintiffs claim that the contracts were absolutely void under the Wisconsin statute, that there was, therefore, nothing to rescind, and accordingly no tender was necessary. We do not believe there is any question but that the wording of the Wisconsin statute heretofore quoted makes the contracts merely voidable, and not void. While the statute provides that such contracts shall be wholly void as to the offending party, it nevertheless states that they shall be enforceable against such party. There has been con-

siderable confusion in the use of the words "void" and "voidable," and the courts have not hesitated to construe "void" as meaning "voidable" where it is apparent that the latter term expresses the result intended. We shall limit our discussion to a few cases in Wisconsin and Michigan, the courts of both States having uniformly construed "void" as meaning "voidable" under conditions similar to those in the instant case.

In *Kelly* v. *Severson,* 149 Wis. 251 (135 N. W. 875), the statute prohibited administrators from purchasing or being interested in the purchase of any real estate sold by them in that capacity, providing that all sales made contrary to such prohibition "shall be void." It was held that the term "void" as thus used in the statute meant "voidable." In *French Lumbering Co.* v. *Theriault,* 107 Wis. 627 (83 N. W. 927, 51 L. R. A. 910, 81 Am. St. Rep. 856), the statute provided that every conveyance of land made with the intent to hinder, delay or defraud creditors "shall be void." It was again held that the term "void" as used in the statute meant "voidable."

See, also, *Hyman* v. *Landry,* 135 Wis. 598 (116 N. W. 236, 128 Am. St. Rep. 1044).

In *Chambers* v. *Beckwith,* 247 Mich. 255, a sale of stock in violation of the Michigan blue sky law was attacked. The blue sky statute prohibited the sale of stock not approved by the securities commission, and made any violation of the act a misdemeanor. We held that sales of stock in violation of the act were "voidable."

The present suits were in assumpsit for the return of moneys paid under a "voidable" contract. They could, therefore, not be brought until a proper rescission had taken place, by plaintiffs' returning or

offering to return to defendant that which they had received. In *Phelps* v. *Mineral Springs Heights Co.,* 123 Wis. 253 (101 N. W. 364), relief was denied to a vendee suing at law to recover money paid under a land contract breached by the vendor, because of the plaintiff's failure to make a proper tender. The court declared:

"It is not a suit in equity to obtain a rescission, but a plain action at law to recover back the consideration paid. To maintain such action, it is essential that before it is commenced the rescission shall have been complete as to both parties. * * * He * * * must have returned or offered to return to the other party that which he had received. * * *

"The evidence most favorable to plaintiff * * * discloses nothing whatever of any offer in any way to return or surrender to defendant the equitable rights which he had received from the latter by force of the land contract and his payment of the purchase price."

To like effect see *Joslin* v. *Noret,* 224 Mich. 240; *Lightner* v. *Karnatz,* 258 Mich. 74.

Both in Wisconsin and Michigan the vendee under a land contract receives an equitable title. *Krakow* v. *Wille,* 125 Wis. 284 (103 N. W. 1121, 4 Ann. Cas. 1016); *Church* v. *Smith,* 39 Wis. 492; *Superior Consolidated Land Co.* v. *Nichols,* 81 Wis. 656 (51 N. W. 878); *Bartz* v. *Paff,* 95 Wis. 95 (69 N. W. 297, 37 L. R. A. 848); *Edwards & McCullough Lumber Co.* v. *Mosher,* 88 Wis. 672 (60 N. W. 264); *Wing* v. *McDowell,* Walk. Ch. (Mich.) 175; *Hooper* v. *Van Husan,* 105 Mich. 592; *Stevens* v. *DeBar,* 229 Mich. 251. Plaintiffs therefore had an equitable interest in the land under their land contracts, and it was necessary for them to tender back, in proper form, a conveyance of such interest before an action could

lie for the return of the purchase money. *Phelps* v. *Mineral Springs Heights Co., supra; Lackovic* v. *Campbell,* 225 Mich. 1; *Barker* v. *Fordville Land Co.,* 264 Mich. 95. This they failed to do.

Judgment is therefore affirmed, with costs to defendant.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.