Clarke v. McGetchie.

Clarke v. McGetchie.

1. **Contract: RESCISSION: WARRANTY.** Where a party who had purchased a machine, under a contract of sale and warranty, afterward returned the machine, and brought an action against the vendor and his guarantor, claiming recovery of a greater amount than the selling price of the machine, it was *held* that his action was one for the rescission of the contract.

*Appeal from Kossuth District Court.*

FRIDAY, OCTOBER 25.

ACTION in replevin to obtain possession of a combined reaper and mower. The machine in question was sold in 1876 by Warder, Mitchell & Co., through these defendants, as their agents, to one Dumphy. The sale was made with a warranty. Afterward, and before the machine was paid for, Dumphy became dissatisfied, and claimed that the warranty was not fulfilled. In March, 1877, Dumphy was about to pay the balance due, but before doing so he exacted and obtained from Warder, Mitchell & Co. a further agreement that they would make good all warranties in time for using the machine that year, and pay all damages resulting from any breach of warranty. The defendants executed a guaranty in writing of the performance of that agreement. Warder, Mitchell & Co. made no repairs upon the machine, and about the 25th of July, 1877, Dumphy returned the machine to these defendants, as agents of Warder, Mitchell & Co., and brought an action against Warder, Mitchell & Co., and against these defendants as guarantors, in which he recovered the sum of one hundred and fifty dollars. The machine still remained in the hands of

these defendants.   Afterward, and while the machine was remaining in the hands of these defendants, Dumphy sold it to the plaintiff.   This action is brought to obtain possession. The petition is in the ordinary form of a petition in replevin.

The defendants claim that Dumphy became divested of his title by the judgment in the action brought by him.   They claim that the action was brought upon the theory that the machine had been returned, and that Dumphy was entitled to recover the whole price.   In their answer they plead the bringing of the action by Dumphy, and his recovery.   They set out in the answer a copy of Dumphy's petition, which is in these words :

"The plaintiff, for cause of action, states that about the 1st of June, 1876, he purchased of the defendants Warder, Mitchell & Co. one Ohio Champion Combined Reaper and Mower, for which he paid the sum of two hundred and fifty dollars; that the said defendants orally warranted and represented that said machine was a good and perfect machine of its kind, made of good materials and in a workmanlike manner ; that the same was of light draught, and would do as much work in as good shape as any machine in the market—which warranties and representations plaintiff relied upon ; that in truth and in fact the same was not a good nor a perfect machine ; it was not made of good materials, nor in a workmanlike manner; it was not of light draught, nor would it do any work in good shape, but was a worthless, inferior, imperfect machine; that plaintiff from time to time gave said defendants notice of said facts, and asked them to make said warranty good, all of which they neglected to do, but requested the plaintiff to keep the same, and try it further; that on the 10th day of March, 1877, the defendants, in writing, agreed to make said warranties good by the 1st day of July, 1877, or they would pay all damages resulting from their neglect so to do—a copy of which is hereunto annexed, marked 'A,' and made a part hereof—and gave as sureties for the further performance of such agreement the defendants R. L. & R. W. McGetchie

and M. Richardson; and plaintiff says defendants have failed and neglected to make good said warranties, but have received said machine back, yet refuse to repay him the purchase money, or his damages, which amount to three hundred and fifty dollars. He therefore asks judgment against defendants for three hundred and fifty dollars and costs."

To the answer the plaintiff demurred, on the ground that the issue tried in Dumphy's case is not the issue presented in this case, and that the parties are not the same. The court overruled the demurrer. The plaintiff electing to stand by his demurrer, the court rendered judgment for the defendant. Plaintiff appeals.

*H. S. Vaughn*, for appellant.

*F. M. Taylor* and *A. L. Hudson*, for appellees.

ADAMS, J.—The question is as to whether Dumphy's action should be considered as brought to recover as upon a rescission 1. CONTRACT: of the sale, or merely for damages for breach of rescission: warranty. warranty. The court below thought that Dumphy's action was brought upon the theory that the sale had been rescinded, and such we think is the correct view. Dumphy claimed to recover more than the purchase price, and he alleges, as a ground of recovery, that the defendants in that action had received the machine back, and had refused to pay the purchase money. It is true the amount recovered appears to have been only one hundred and fifty dollars, which was at least twenty-five dollars less than the purchase price; but this fact is immaterial. Dumphy recovered something under his petition, and this case must be determined by the construction of that petition.

As favoring the construction which plaintiff puts upon it, it is urged that Dumphy's action was brought against the guarantors of Warder, Mitchell & Co., as well as against Warder, Mitchell & Co. themselves. It is said that the guarantors cannot be considered liable as upon a rescission of the contract,

but only for damages for breach of warranty. We may concede this to be true, yet the fact remains that in Dumphy's petition it is averred that the machine had been received back. If this constituted no ground of recovery as against the guarantors they might have caused the same to be stricken out. But they did not do it. Dumphy had the benefit of that fact upon the trial, and we do not think that either he or his vendee should now be permitted to say that while it is true that the machine had been received back, it was to be returned again after the trial.

AFFIRMED.