Muenchow, Respondent, vs. Roberts, Appellant.

*September 25 — October 14, 1890.*

*Land contract: Payment to be made in crops: Breach by vendor: Measure of damages.*

The vendee in a land contract was to raise oats on one third of the land for five years, and to deliver the five crops to the vendor in full payment for the whole tract. He was to have immediate possession of the whole tract, and was to pay the taxes. The vendor refused to give him possession of the land, and wholly failed to perform the contract on his part. *Held,* that the measure of damages for such breach is the value of the land less the contract price, such price in this case being the necessary expenses of raising the five crops of oats and delivering the same to the vendor. The value of the use of the remaining two thirds of the land should not be added to the value of the land, to increase the damages; nor should the taxes to be paid by the vendee be included with the cost of raising the oats, to reduce the damages.

APPEAL from the Circuit Court for *La Crosse* County. On April 9, 1883, the parties entered into a contract in writing, under seal, for the sale by the defendant to plaintiff of 300 acres of land in La Crosse county. The plaintiff agreed to raise oats on a specified portion of the land, said to contain 100 acres, in each year for five years then next ensuing, and to deliver the same to defendant at his elevator in Bangor. It was also agreed that said five crops of oats when so delivered should be full payment for the land. The value of the land is not otherwise specified. The contract gives the plaintiff the possession of the land from its execution, and requires him to pay the taxes thereon from that time. It further provides that when payment therefor is fully made, as aforesaid, the defendant shall convey the land to plaintiff by deed of warranty.

This action was brought to recover damages for the entire breach of the contract by the defendant. It was alleged in the complaint that two days after the execution of the

contract, and several times thereafter, the defendant refused to allow the plaintiff to enter into possession of the land, and that the defendant has failed to perform the stipulations on his part contained in the contract.

There was a controversy on the trial as to whether the plaintiff or the defendant refused to execute the contract, or whether it was rescinded by mutual consent. The jury found for the plaintiff, and assessed his damages at $500. By so finding they necessarily found that the defendant rescinded the contract without the consent of the plaintiff. It is unnecessary to state the testimony. The rulings of the court on the trial are stated in the opinion. The defendant appeals from a judgment against him pursuant to the verdict.

For the appellant there was a brief by *G. C. Prentiss*, attorney, and *Bleekman, Tourtellotte & Bloomingdale*, of counsel, and oral argument by *F. A. Bloomingdale*.

For the respondent there was a brief signed by *Winter*, *Esch & Winter*, and oral argument by *John J. Esch*.

LYON, J. On this appeal it is only necessary to consider the question litigated on the trial as to the measure of damages. The court charged the jury, in substance, that the true measure of damages was the difference between the expense of raising the five crops of oats, together with the amount of taxes plaintiff agreed to pay, and the aggregate values of the 300 acres of land, the use of 200 acres thereof, and the fire-wood which plaintiff would have been entitled to take therefrom had he gone into possession of the land; that is to say, on one side of the account the jury were directed to place the value of the land, the value of its use, except the 100 acres, and the value of such fire-wood, and on the other side of the account they were directed to place the probable cost of raising and delivering the oats, and the amount of taxes the plaintiff would have to pay

under the contract; and they were instructed that if such values of the land, the use thereof, and the fire-wood, exceeded the cost of raising and delivering the oats and the amount of such taxes, the difference was the measure of plaintiff's damages, if he was otherwise entitled to recover.

The plaintiff is entitled to recover, if at all, the value of his bargain. The true measure of such value is the value of the land the defendant contracted to sell to him, estimated at the time the contract was broken, less what the plaintiff agreed to pay therefor. This is the general rule in this state in an action by a purchaser to recover damages for the breach of an executory contract to sell either real or personal property, where no part of the consideration has been paid. *Hall v. Delaplaine,* 5 Wis. 206; *Hill v. Chipman,* 59 Wis. 211. There may be exceptions to this rule, but we do not think this case is within any of them. It must be held that the case is governed by the general rule above stated. If the purchase price equals or exceeds the value of the thing purchased, the purchaser can only recover nominal damages.

The court authorized the jury to assess damages on the basis not only of the value of the land, but the value of the use of 200 acres thereof, and the plaintiff's right to take fire-wood therefrom, we suppose, for the period of five years. This was error. The value of the use of the land, which includes the right to take fire-wood therefrom, is an element which enters into any correct estimate of the value of the land itself, and enhances such value. So when the value of the land is ascertained, it includes the value of the use of the land for all purposes. Adding any sum thereto for the use of the land necessarily increases the plaintiff's damages beyond the limits of the rule. For this error there must be a new trial.

On the same principle the taxes should not be included with the cost of raising the oats, to reduce damages.

We think the court was correct in holding that the contract price for the land was the necessary expenses of raising the five crops of oats and delivering the same to the defendant pursuant to the contract. The contract names no price for the oats, and does not call for the delivery of any specified quantity or quality. The defendant took the whole risk of price, quantity, and quality, the plaintiff only binding himself to raise and deliver the crops. We think the plaintiff would not have been the owner of the oats before delivery, had the contract been executed, but that the title thereto would always have been in the defendant, who could have held the same against the plaintiff, his vendee, or creditors. If this view is correct, it seems quite clear that plaintiff did not agree to pay for the land in oats, but in labor and services to be employed in the raising of the oats for defendant on land to which the defendant retained the legal title as security for the performance of the contract. We are satisfied that such is the substance and legal effect of the contract, although it is conceded that language is employed therein upon which a plausible argument to the contrary may be framed.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded for a new trial.