Main v. Procknow, 131 Wis. 279.

MAIN and others, Respondents, vs. PROCKNOW and others, Appellants.

*March 20—April 9, 1907.*

*Contracts: Rescission: Waiver by claim for damages: Sales: How rescinded: Grounds: Evidence of damage.*

1. A complaint or counterclaim for damages for breach of a contract is in affirmance of the contract and inconsistent with a claim that the contract has been rescinded, and is a waiver of any right to a rescission.
2. A contract cannot be rescinded in part and affirmed in part.
3. Rescission of a contract of sale by the buyer after delivery of the goods consists of a return of the goods within a reasonable time upon sufficient grounds, and refusal to pay the stipulated price therefor.
4. Where a written contract for the sale of jewelry particularly described the articles and specified the prices in detail, it was not sufficient ground for a rescission by the buyer that, when received, the goods did not come up to expectations, were too high priced, would not sell in that locality, and did not contain certain articles not specified in the contract.
5. Where, under a counterclaim for damages in an action for purchase price of goods, there was evidence of breaches of the contract by plaintiffs but no evidence of damage, there was nothing to submit to the jury as to such breaches.

APPEAL from a judgment of the county court of Winnebago county: C. D. CLEVELAND, Judge. *Affirmed.*

From a judgment in favor of the plaintiffs in an action at law upon contract the defendants appeal.

April 27, 1901, the parties entered into a contract in writing for the purchase of certain jewelry by the defendants from the plaintiffs, particularly specifying the articles, and providing, among other stipulations not relevant here, (1) that plaintiffs would furnish without charge to defendants a show case wherein to exhibit such jewelry; (2) would guarantee a profit of $50 on the purchase, which amounted to $150; (3) would not sell to any other dealer south of the Fox river in the city of Oshkosh. This last stipulation was added by indorsement on the back of the contract at the time of closing the same. May 2, 1901, the goods were shipped by the sellers. May 8, 1901, the purchasers wrote to sellers, acknowledging receipt of goods, but complaining of shortages to the amount of about $15, that the show case had not arrived nor the "guaranty cards" to be exhibited in the show case. May 8, 1901, sellers answered, acknowledging shortage, stating the goods short had been sent, not, however, expressly mentioning the show case; but the evidence shows, without definiteness as to date, that a flat show case had been sent and arrived at the freight office at Oshkosh, but buyers refused to receive it, and we infer that it arrived prior to May 21, 1901. The sellers also made good the shortage to which their attention was called. On May 21st buyers wrote saying that they had examined the goods; that they did not come up to expectations; were too high priced for them to handle; would not sell in that neighborhood, and contained no rings "gentlemen's size;" that they held the goods subject to the order of the sellers, and that this determination was final. They made no claim on account of the show case or on account of a breach of the agreement not to sell to others in Oshkosh south of the Fox river, and they returned the jewelry by express to the sellers, who refused to receive it. Other correspondence followed. The buyers did not recede from this position, but added to their reasons given in the letter of May 21st that the sellers had broken the agreement by a sale

on May 2, 1901, to Reimer, a dealer within the prohibited territory, and that the show case sent was not of the kind orally agreed upon between sellers' salesman, Culver, and the buyers, and that there was some shortage in the goods.

To a complaint for the agreed selling price of the goods the buyers answered that the agreement was partly in writing and partly verbal, and the sellers failed to furnish the show case of the kind orally agreed upon; failed to furnish jewelry of the kind agreed upon, and sold within the prohibited territory, and that they returned the goods. They also pleaded a counterclaim in which they incorporated by proper reference all the averments of the answer mentioned above except the averment of the return of the goods, reiterated the breach by sale of goods south of the Fox river, and conclude, "that these defendants were damaged for and on account of the violation of said agreement by these plaintiffs in the sum of $150. Wherefore defendants demand judgment that the said agreement between plaintiffs and defendants be reformed and amended as above set forth, and that their counterclaim be allowed and the complaint herein be dismissed, with costs."

For the appellants there was a brief by *Felker, Stewart & McDonald,* and oral argument by *F. C. Stewart.*

For the respondents there was a brief by *Earl P. Finch,* attorney, and *Wilbur E. Hurlbut,* of counsel, and oral argument by *Mr. Hurlbut.*

TIMLIN, J. The objections contained in the letter of the buyers of May 1st were wholly insufficient and unavailable against a written contract of sale deliberately entered into and signed on April 27th which described goods and prices in detail. That contract was not to furnish goods suitable or salable in Oshkosh, or low priced goods or goods containing any proportion of rings "gentlemen's sizes," but was to furnish the goods described therein at the prices therein specified. The first shortage of goods having been made good at the re-

quest of the buyers, this is also out of the case.  This leaves
only three grounds of objection, viz.: the sale to Reimer on
May 2d, the show-case agreement, and the last shortage.   Of
these the court below, under proper instructions, submitted
to the jury only the last, and the jury found against the buy-
ers thereon.   We think there was no sufficient evidence upon
which the jury could have found otherwise, and this elimi-
nates all alleged error in the submission of this question or
in the charge relating thereunto.   Was it error to take from
the jury all question of breach of the contract by sellers by
their sale to Reimer and by their failure to furnish a differ-
ent show case?   It was not controverted that the plaintiffs
had made the sale to Reimer, but they claimed they had the
consent of defendants so to do.   The court accepted the ver-
sion found in defendants' pleadings of the supplemental oral
contract to furnish an upright show case.   The defendants by
their pleadings were in the position of claiming a rescission
of the contract of sale by reason of these breaches on the part
of plaintiffs and at the same time counterclaiming against the
plaintiffs for damages growing out of these breaches.   This
cannot be done.   A complaint seeking to recover damages for
breach of a contract or a counterclaim seeking to recover like
damages is in affirmance of the contract.   Such pleadings are
inconsistent with a claim that the contract has been rescinded
or that the party occupying this position on the record is en-
titled to a rescission.   This rule is not limited to cases in-
volving fraud.   A party to a contract may waive his right to
rescind after it has accrued by instituting an action to recover
damages for the breach by the other party.   *Wheeler v. Dunn,*
13 Colo. 428, 22 Pac. 827; *Sanger v. Wood,* 3 Johns. Ch.
416; *Nelson v. Carrington,* 4 Munf. 332, 6 Am. Dec. 519;
*Conrow v. Little,* 115 N. Y. 387, 22 N. E. 346.   Nor can a
contract be rescinded in part and be affirmed in part.   *Hen-
dricks v. Goodrich,* 15 Wis. 679; *Minert v. Emerick,* 6 Wis.
355; *Williams v. Ketchum,* 21 Wis. 432.   So that the de-

fendants could not affirm the contract by counterclaiming upon it for damages for breach of the provision thereof forbidding the sale of the goods south of the Fox river and the other provision relating to the show case, and at the same time disaffirm the contract by return of the goods and refusal to pay any part of the purchase money. The defendants had, however, the right to retain the goods and recover damages for the breach of the contract by the plaintiffs in the foregoing particulars. They offered evidence of the breach, but offered no evidence of any damage sustained thereby. There was nothing, therefore, to submit to the jury with reference to the alleged breaches of the contract on the part of the plaintiffs. The circuit court properly submitted to the jury the only issue there was in the case for the jury.

As to what constitutes at law a rescission of a contract, *Second Nat. Bank v. Larson,* 80 Wis. 469, 50 N. W. 469; *Kinney v. Kiernan,* 2 Lans. 492; *State (Skillman H. M. Co.) v. Davis,* 53 N. J. Law, 144, 20 Atl. 1080; *Clarke v. McGetchie,* 49 Iowa, 437. In short, rescission at law after delivery of goods sold consists of a return of the goods within a reasonable time upon sufficient ground and refusal to pay the stipulated price therefor. This is one of the rights of the buyer. The other, an inconsistent right, is the right to recoup damages. The judgment must therefore be affirmed.

*By the Court.*—The judgment of the county court is affirmed.

CASSODAY, C. J., took no part.