MALUEG and another, Respondents, vs. HATTEN LUMBER COMPANY, Appellant.

*September 18—October 26, 1909.*

*Contracts: Breach: Measure of damages: Sales: Partial delivery: Payment: Waiver of damages: Termination of contract: Subsequent delivery: Market price.*

1. A person may, at law, breach his contract with another and be liable only to respond to that other for such legal damages as will remedy the loss to him.

2. The legal damages for breach of contract are such as may fairly and reasonably be considered to be the natural and proximate result of the breach and, in the light of the circumstances

known, actually or constructively, to both parties at the time of such making, as having been then in their mutual contemplation as the probable result of such breach.

3. The rights of parties as regards a breach of contract become fixed at the time the breach occurs.

4. If a breach of contract consists of failure to deliver, upon a sale agreement, personal property at a specified time, there being no special circumstances, known to both parties at the time of making the agreement, varying the general rule, the damage recoverable is the difference, at the time of the breach and at the agreed place of delivery, between the market value of the property and the contract price, with legal interest from the time of the breach.

5. In case of an action for damages for breach of contract, in the circumstances mentioned in No. 4, in the absence of evidence that the market value of the property at the time and place of delivery agreed upon, exceeded the contract price, no more than nominal damages are recoverable.

6. In case of partial delivery of property, in the circumstances mentioned in No. 4, and payment therefor after the breach without objection and with knowledge of the facts, the agreement providing for payment as fast as deliveries are made, such circumstances do not, of themselves, waive any claim for damages for such breach.

7. In case of the breach of contract in the circumstances stated in the foregoing, and a claim thereafter upon the side of the executory vendee that he is legally entitled upon the contract to the balance of the property, and insistence upon the other that he is under no such obligation, and delivery of the balance of the property pursuant to a mutual understanding for payment therefor at the market price at the time of delivery, in case of the vendee not being entitled as he claims, the vendor should be paid such market price.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Shawano county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

Action to recover on a contract for a claimed balance for sawlogs sold defendant by plaintiffs at a stipulated price.

Defendant answered putting in issue plaintiffs' claim as to the agreed price for the logs and as to there being a balance due. It pleaded as a defense that, for the purpose of supplying its mill with a stock of sawlogs for the manufacturing

season of 1906, it contracted in writing with plaintiffs to cut into sawlogs and deliver to it at a specified place, during the winter of 1905 and 1906, all the sawlog timber on certain specified land at a price per thousand feet named, final payment therefor to be made upon all the logs being scaled and full performance by plaintiffs; that in partial performance 276,230 feet of logs were duly delivered, scaled, and paid for during the winter of 1906; that notwithstanding defendant was ready and willing to accept and pay for the balance of the sawlogs agreed to be delivered, plaintiffs neglected to make delivery thereof during the time limited in the contract; that thereupon such time was extended to include the next logging season; and that plaintiffs have received full payment for all logs delivered.

Defendant, for a counterclaim, pleaded the aforesaid facts and that the amount of timber which plaintiffs failed to deliver during the logging season of 1906 and 1907 was 191,880 feet of short and 11,310 feet of long hemlock logs, to its damage in the sum of $406.38. The counterclaim was duly replied to. Upon the trial plaintiffs claimed that the written contract did not cover the operations of the season of 1906 and 1907; that during the season they delivered to defendant the sawlogs it claimed should have been delivered during the previous season, but made such delivery under an oral agreement increasing the price for the logs $2 per thousand feet. Such increase coincided with the amount claimed in the complaint.

There was proof that, at the close of the first logging season, defendant settled with plaintiffs for all logs delivered during such season, without objection because of the contract not having been fully performed, and that the price claimed by plaintiffs for logs delivered the second season was the going price thereof and the amount defendant verbally agreed to pay therefor.

There was evidence on the part of defendant that, before

the logging operations commenced the second season, it gave plaintiffs written notice that it claimed the contract covered the balance of the timber, but later promised that, if it should turn out otherwise, it would pay the going price.

At the close of the evidence the court, on motion, directed a verdict for plaintiffs upon their theory of the case; holding that by paying in full at the close of the first season without objection, notwithstanding the contract had been breached as claimed in the answer, such breach was waived and the contract extinguished; and that the agreement to pay the price for the logs delivered the second season, in case the contract as to such season was of no effect, entitled plaintiffs to recover. Judgment was entered accordingly.

*R. N. Van Doren,* for the appellant.

*P. J. Winter,* for the respondents.

MARSHALL, J. This case is ruled by a few familiar legal principles.

Keeping in mind the conceded fact that respondents breached the contract in question by neglecting to deliver to appellant all the saw timber standing upon the land manufactured into sawlogs, properly scaled, by the close of the logging season of 1906, the first principle to be mentioned is that a person, at law, may of right breach his contract with another and subject himself to the burden of such damages for the benefit of such other as may be necessary to remedy the breach. *Ward v. Am. H. F. Co.* 119 Wis. 12, 96 N. W. 388.

It follows that, after the breach in question, if respondents saw fit, as it seems they did, to stand upon their legal rights and not recognize the contract as binding them to deliver the balance of the timber left at the close of the winter of 1906, it was competent for them to do so, leaving appellant, as its only recourse to remedy the matter, enforcement of a cause of action for damages, if any there were.

The next legal principle applicable to the case, in the logical order of things, is this very familiar one: The damages recoverable for breach of contract are such as may fairly and reasonably be considered to be the natural and proximate result thereof and which, in the light of circumstances known, actually or constructively, to both parties at the time of making the contract, may reasonably be supposed to have been in their mutual contemplation as the probable result of such breach. *Hadley v. Baxendale,* 9 Exch. 341; *Guetzkow Bros. Co. v. A. H. Andrews & Co.* 92 Wis. 214, 66 N. W. 119; *Gross v. Heckert,* 120 Wis. 314, 321, 97 N. W. 952; *Anderson v. Savoy,* 137 Wis. 44, 48, 118 N. W. 217.

In connection with the last foregoing rule is the one that, in case of a breach of contract, the rights of the parties are regarded as fixed at the time thereof, so, if such breach consists in failure to deliver upon a sale contract personal property to be paid for after delivery; there being, as in this case, no special circumstances rendering more than ordinary damages probably within the contemplation of the parties at the time of making the contract as likely to occur from such failure, the limit of legal damages is the difference, at the time of the breach, between the market value of the property at the time and place of delivery and the price the executory purchaser agreed to pay therefor with legal interest from the date of the breach. *Richardson v. Chynoweth,* 26 Wis. 656; *Hill v. Chipman,* 59 Wis. 211, 18 N. W. 160; *Muenchow v. Roberts,* 77 Wis. 520, 522, 46 N. W. 802; *Kelley, M. & Co. v. La Crosse C. Co.* 120 Wis. 84, 97 N. W. 674; *Anderson v. Savoy,* 137 Wis. 44, 48, 118 N. W. 217.

So if appellant suffered any recoverable loss by failure to deliver the timber as agreed upon, it consists of the difference between what the market value of the undelivered timber manufactured into sawlogs was at the time when and place where the same should have been delivered and the contract price thereof. What such logs were worth in the market the

succeeding winter, is entirely immaterial on this branch of the case.

In the light of the foregoing, since, as the fact is, there was no proof offered or received tending to show that the market value of such logs as respondents agreed to deliver at the time for the delivery, exceeded the contract price, there was an entire failure of proof to maintain appellant's counterclaim. So respondents were entitled to recover, as they did, the undisputed market value of the logs delivered in the winter of 1906 and 1907. Breach of contract without any legal damages obviously gives no right of recovery. *Main v. Procknow,* 131 Wis. 279, 111 N. W. 508.

It is claimed on the part of respondents that making final payment for all logs delivered, after the time fixed in the writing for performance, without making any objection because of the breach, notwithstanding it had full knowledge of the facts, constituted a waiver of any further rights under the contract either for the balance of the logs or damages. There having been no pretense at the time payment was made that the contract had been fully performed, the mere payment for the logs delivered, keeping silent as to any further claim under the contract, did not of itself waive anything. The transaction was strictly according to the terms of the writing. It contemplated payment for logs from time to time as they were delivered and scaled. One may always accept and pay at the contract rate for partial performance, as in this case, without waiving, by such circumstance alone, his right to redress for failure of full performance. *Charley v. Potthoff,* 118 Wis. 258, 95 N. W. 124. Such a case must not be confused with those where articles are delivered in performance of an executory contract of sale as and for the amount and kind agreed upon and are received and retained with knowledge, or reasonable means of knowledge, that they do not fully answer the calls of the agreement, and without

notifying the vendor within a reasonable time that the articles are not accepted as full performance.

Notwithstanding the contract was not terminated by payment for the logs delivered under the circumstances stated, it does not follow that appellant had any further rights under it. It had no right to damages for the breach unless it suffered damages and none were established; as appellant evidently appreciated and conceded at the close of the trial. It had no legal right to further deliveries of logs after the close of the winter of 1906. The evidence is substantially all one way, as the trial court held, that the market value of the logs delivered the second season was as claimed by respondents and that if they were entitled to recover on that basis the amount due them was as found in the directed verdict. The evidence is all one way, that respondents refused to recognize the contract which, by its terms, terminated at the close of the winter of 1906, as binding them to let appellant have the logs delivered the second season. The latter conceded upon the trial that it promised to pay the former the market price for logs the second season if the contract did not entitle it to them at the price named therein. The controversy between the parties at the commencement and during the early part of the second season, as the evidence conclusively shows and the court found, was not over the market price or the amount respondents should have for the logs in the absence of any writing governing the matter, but over whether respondents were bound to deliver the logs under the writing of 1906.

So the case really turns, as the trial court found, on whether the writing was effective as to the second season notwithstanding the breach aforesaid and respondents' insistence thereon. On that question the decision of the trial court was right though the grounds stated therefor are not altogether approved. Further performance of the contract on respondents' part was not waived by appellant by the

occurrences in the spring of 1907 before mentioned. It terminated by its own limitations, subject to appellant's right to damages, if any were suffered, because of there being but partial performance and subject to mutual recognition, in case of there being such, of its further efficacy. Therefore the judgment must be affirmed.

*By the Court.*—So ordered.