RHINELANDER PAPER COMPANY, Appellant, vs. BUSHMAN, Respondent.

SAME, Appellant, vs. BUSHMAN and others, Respondents.

*September 19—October 16, 1923.*

*Sales: Delivery: Time as essence of contract: Waiver: Measure of damages.*

1. Undisputed evidence that the buyer of logs and pulp wood accepted deliveries after May 1, 1920 (the time specified in the contract of sale for delivery), and that in answer to a letter of the seller dated February 11, 1921, replied that it was satisfactory to have the contract completed during the winter, warranted the trial court in holding that a provision in the contract that time was of the essence was waived by the buyer.

2. Where the market price of goods was the same as the contract price on the date specified for delivery, the buyer could not recover more than nominal damages for the seller's failure to deliver at such time.

3. Where there was an available market at the time specified for delivery, the measure of the buyer's damages for the failure

of the seller to deliver at such time was the difference between the contract price and the market or current price at such time, under sec. 1684t—67, Stats.; and the buyer's acceptance of deliveries made subsequent thereto did not postpone the date as of which the buyer's damages were fixed, in the absence of a valid agreement fixing a new date of delivery.

APPEAL from two judgments of the circuit court for Price county: G. N. RISJORD, Circuit Judge. *Affirmed.*

The plaintiff commenced two actions, one against *John Bushman* to recover $1,627.84 damages; the other against *John Bushman, George Bushman, John Weyers,* and *Frank Hettler,* copartners under the firm name of Bushman & Bushman, to recover $6,711.18 damages, alleged in each case to be due the plaintiff by reason of a breach by the defendants of two contracts for the delivery of logs and pulp wood on or before May 1, 1920. The complaints in each case were similar except for the parties defendant and the amounts of pulp wood and logs delivered and undelivered. The defendants admitted the execution of the contracts and non-delivery of logs and pulp wood substantially as claimed by the plaintiff. It was the contention of the defendants that the plaintiff waived the time of performance specified in the contract and extended the time of delivery, and that before the extension had expired the plaintiff directed the defendants not to deliver. The issues were submitted to the jury on a special verdict and the jury found (1st) that the time of delivery fixed in the contract was not waived by the plaintiff (the answer to this question was changed by the court) ; (2d) that there was an available market for hemlock logs and hemlock and spruce pulp wood during the first part of May, 1920, at Gagen, or in that vicinity along the Soo Line (one of the places of delivery) ; (5th) that the market price in the first part of May, 1920 (the date on which delivery was to be made according to the terms of the contract), was as follows: (a) hemlock logs per M, $23; (b) hemlock pulp wood per cord, $9; (c) spruce pulp wood per cord, $12. (These prices are the same as those specified in the con-

tract.) They also found that there was an available market for hemlock logs and hemlock pulp wood at Catawba (one of the places of delivery) in the first part of May, 1920, and in that vicinity along the Soo Line, and that the market price at Catawba and Spur 167 and in that vicinity along the Soo Line was the same as at Gagen.

Plaintiff had judgment for nominal damages in each case and the defendants had judgment for costs in each case. From the judgments entered the plaintiff appeals.

*Chas. F. Smith, Jr.,* of Rhinelander, for the appellant.

*W. K. Parkinson* of Phillips, for the respondents.

ROSENBERRY, J. Each of the contracts contained the following clause: "It is hereby mutually agreed that time is of the essence of this contract." It is the contention of the plaintiff that the failure of the defendants to deliver the specified amounts on the 1st day of May, 1920, as provided in the contracts constituted a breach; that there was no available market for the material called for by the contracts on or about May 1st; that the prices in the earliest available market had advanced at the time the plaintiff made its purchases so that the plaintiff was compelled to pay an amount in excess of the contract price equal to the amounts of damages claimed in these actions, in order to secure the undelivered material. The trial court was clearly right in holding that the provision of the contract making time the essence of the contract was waived by the plaintiff. It is undisputed that the plaintiff continued to accept deliveries under the contract down to and including the month of October. On October 7, 1920, *John Bushman* wrote the plaintiff inquiring if the plaintiff was in the market for pulp wood. The plaintiff replied:

"We are a little surprised at this, as you have not as yet completed your contract which we had with you for the last year and this year. Just as soon as you complete this, we shall be pleased to go into the matter of price with you further."

In reply to this, under date of December 6, 1920, *Bushman* wrote, saying that perhaps he could furnish the material. On February 4, 1921, he wrote the plaintiff inquiring if it could not do a little better on the price. In reply the plaintiff wrote with reference to doing better on prices:

"We are unable to do anything for you, as these are the prices that we are now paying."

On February 11, 1921, Bushman & Bushman wrote:

"Regarding last year's contract, we have not filled it last year, and if it is satisfactory to use, will fill it this winter at least some. Let me know if it is satisfactory to fill it or not."

In reply to this letter plaintiff wrote:

"We have yours of the 11th in reference to filling your last year's contract. This will be satisfactory to us, and as soon as you start shipping please advise us, mailing the bills of lading the day the cars go forward."

It appears by the verdict of the jury and the undisputed evidence that the market price of the material described in the contract was the same on May 1, 1920, as specified in the contract. It also appears that the price of the material specified in the contract was no more, if not less, after February 12, 1921, than that specified in the contract, so that upon no possible theory can the plaintiff be said to be entitled to recover more than nominal damages. While there is a conflict in the evidence as to market price on the 1st day of May, 1920, there was clearly sufficient evidence to take that question to the jury. If it be held that the acceptance of deliveries down to October 16, 1920, was merely a method by which the plaintiff's damages were to be diminished and that up to that time there was no waiver of the breach of May 1, 1920, the plaintiff is not entitled to recover because it sustained no more than nominal damages, the market price being in the early part of May, 1920, the same as the contract price. If it be held that time of performance was extended by the letters to February, 1921,

plaintiff is not entitled to recover more than nominal damages because the price of the material was at that time less—certainly no greater—than that specified in the contract.

There was no agreement to deliver in August or September, 1920. It is the contention of the plaintiff that there was no available market until August or September, 1920, and that consequently plaintiff's damages should be ascertained as of that date. The jury, however, upon sufficient evidence, found against the plaintiff's contention. There being an available market, plaintiff's damages were to be measured by the difference between the contract price and the market or current price at the time when delivery should have been completed. Sec. 1684*t*—67, Stats.; *Malueg v. Hatten L. Co.* 140 Wis. 381, 122 N. W. 1057.

The acceptance of deliveries did not postpone the date as of which plaintiff's damages were fixed, in the absence of a valid agreement fixing a new date of delivery.

Error is also assigned because of the admission and rejection of evidence upon the trial. We have examined the matters called to our attention and find no prejudicial error.

*By the Court.*—Judgments affirmed.